IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES LEE MALENA, #267290,<br>　　　　Petitioner, | §<br>§<br>§ | |
| v. | § | 3:11-CV-3224-D-BK |
| | § | |
| RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Div.,<br>　　　　Respondent. | §<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state inmate, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the habeas petition be denied.

**I. BACKGROUND AND PROCEDURAL HISTORY**

In 2010, Petitioner was convicted of burglary of a habitation and sentenced to 40 years' imprisonment. *State v. Malena*, No. F-0957524 (Crim. Dist. Ct. No. 3, Dallas County, Tex. Jan. 12, 2010), *aff'd*, No. 05-10-00161-CR, 2010 WL 3769539 *3 (Tex. App.–Dallas, Sep. 29, 2010, pet. ref.) (unpublished). Petitioner's subsequently-filed state habeas applications were rejected by the Texas Court of Criminal Appeals (CCA). *See Ex parte Malena*, No. WR-7,359-12 (Tex. Crim. App. Jun. 1, 2011) (dismissing application as premature); *Ex parte Malena*, WR-7,359-14, SHCR[1] at "Action Taken" sheet (Tex. Crim. App. Sep. 28, 2011) (denying state habeas petition without written order).

---

[1] "SHCR" refers to the State Habeas Clerk's Record of Petitioner's second state application in case number WR-7,359-14, EventID 24583635. "RR" refers to the reporter's record at trial, whereas "CR" refers to the Clerk's Record. This recommendation follows the same citation format used by Respondent: "SHCR at [page]," "RR at [page]," and "CR at [page]."

Thereafter, Petitioner filed this timely federal habeas petition, along with a *Memorandum of Law In Support of Petition for Writ of Habeas Corpus*. (Doc. 3-5). In four grounds, he alleges (1) the indictment was fundamentally defective; (2) the evidence was insufficient; (3) the trial court improperly proceeded with a jury trial; and (4) his sentence was erroneously enhanced. (Doc. 3 at 7-8). Respondent argues the petition lacks merit. (Doc. 15).

## II. ANALYSIS

Habeas corpus relief is precluded unless the state court's adjudication on the merits

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act. Petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). His burden is "difficult to meet," however, as the decisions of the state court are reviewed under a "highly deferential standard" and afforded "the benefit of the doubt." *Harrington v. Richter*, 562 U.S. ___, ___, 131 S. Ct. 770, 786, 788 (2011); *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted).

<u>Defective Indictment (Claim 1)</u>

Petitioner claims the indictment was "fundamentally defective" because it did not include the statutory elements of theft or identify the allegedly stolen property, thus depriving the trial court of jurisdiction. (Doc. 3 at 6; Doc. 4 at 2-7; Doc. 17 at 3-6). The pertinent question is whether "the indictment is so defective that it deprives the state court of jurisdiction." *McKay v. Collins,* 12 F.3d 66, 68 (5th Cir.1994). That question is "foreclosed to federal habeas review,

however, if 'the sufficiency of the [indictment] was squarely presented to the highest court of the state . . ., and that court held that the trial court had jurisdiction over the case.'" *Id.* (quoting *Millard v. Lynaugh*, 810 F.2d 1403, 1407 (5th Cir. 1987)).

In this case, Petitioner challenged the sufficiency of the indictment in his state habeas application.  SHCR at 7-9, 25-29.  Finding no controverted, unresolved facts material to the legality of his conviction, the trial court recommended that the petition be denied and the CCA denied the application without written order.  *Id.* at 83 and "Action Taken" sheet.  *See Johnson v. Quarterman*, No. 3:07-CV-1327-M, 2008 WL 2690285 *3 (N.D. Tex. July 7, 2008) (CCA's implicit finding that indictment was not defective foreclosed habeas review because the petitioner had squarely presented his claim in state habeas application, which the CCA denied without written order on the findings of the trial court).

Because review of Petitioner's first claim is foreclosed, the claim should be DENIED.

<u>Sufficiency of the Evidence (Claim 2)</u>

Next, Petitioner alleges the evidence presented at trial was insufficient to support the jury's verdict because the State failed to prove "intent" and "forcible entry."  (Doc. 3 at 7; Doc. 5 at 8–26).  In the context of this section 2254 proceeding, the Court must determine if the state court's adjudication of this claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law.  The clearly established federal law in this instance is the United States Supreme Court's holding that a state prisoner is entitled to habeas corpus relief only if a court finds that "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

On direct appeal, Petitioner challenged only the "intent" element. In rejecting his claim, the court of appeals held:

> It is well established that the specific intent to commit theft may be inferred from the circumstances. *See Simmons v. State*, 590 S.W.2d 137, 138 (Tex. Crim. App. 1979). Further, it is well settled that unlawful entry at night raises the presumption of intent to commit theft. *See Martinez v. State*, 469 S.W.2d 185, 186 (Tex. Crim. App. 1971). Here, appellant entered Gomez's house at night without permission. When found inside the house, appellant had property belonging to Gomez in his pockets. Although appellant claimed he picked up the cards and CDs outside the house on the ground, did not see bags filled with Gomez's property sitting outside the house, and did not attack Jones with a hammer, it was the jury's function, as fact finder in this case, to resolve any conflicts in the evidence, and accept or reject any and all of the evidence presented by either side. *See* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979); *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). The jury could reasonably conclude that appellant entered Gomez's house without her consent and with the intent to commit theft.

*Malena v. State*, 2010 WL 3769539 *3.

This Court rejects Petitioner's invitation to re-evaluate the evidence presented at trial based on the innocent explanations he posits for the circumstantial evidence presented. "All credibility choices and conflicting inferences are to be resolved in favor of the verdict." *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005). A federal habeas corpus court may not substitute its view of the evidence for that of the fact finder, but must consider all of the evidence in the light most favorable to the prosecution. *Weeks v. Scott*, 55 F.3d 1059, 1061 (5th Cir. 1995). I

Moreover, the Court rejects Petitioner's suggestion that circumstantial evidence is insufficient to establish intent unless supported by physical evidence. (Doc. 5 at 9, 10, 14-15). There is no question that intent can be inferred from the defendant's conduct and surrounding circumstances. *See Lewis v. State*, 715 S.W.2d 655, 657 (Tex. Crim. App. 1986) (*en banc*) (intent, a fact question for the jury to decide, may be inferred from the circumstances). The State's evidence, viewed in the light most favorable to the prosecution, was more than sufficient

to permit a rational jury to find Petitioner had the intent to commit theft when he entered the house.

Petitioner's claim, that there was no evidence of "forcible entry," also lacks merit. The State was not required to prove "forcible entry," but only "entry" into a habitation without the effective consent of the owner. *See* TEX. PENAL CODE § 30.02(a)(1) (West 2012) (definition of "enter" for purposes of burglary statute does not include use of force); *Griffin v. State*, 815 S.W.2d 576, 578-79 (Tex. Crim. App. 1991) (*per curiam*). The prosecution presented evidence of forced entry through a broken window. *Malena*, 2010 WL 3769539 *1. Petitioner also admitted at trial that he entered the home without the owner's effective consent. *Id.* *2; *see Clark v. State*, 667 S.W.2d 906, 908 (Tex. App.—Dallas 1984) (entry through open door can constitute burglary if the building is not open to the public).

Because the state court's determination of the sufficiency of the evidence claim was neither contrary to, nor involved an unreasonable application, of clearly established federal law, Petitioner's second claim fails.

<u>Denial of a Bench Trial (Claim 3)</u>

Having waived his right to a jury trial in writing and at a pretrial hearing, Petitioner contends the trial court violated his due process rights in proceeding with a jury trial. (Doc. 3 at 8; Doc. 5 at 27-31; Doc. 17 at 15-16). As with his second and fourth grounds, Petitioner raised this claim in his state habeas application, which was denied without written order.

In Texas before a defendant's waiver of jury trial can become effective, the state prosecutor must consent and the court must also approve the waiver. TEX. CODE CRIM. PROC. art. 1.13(a) (West 2012). In this case, the prosecutor refused to waive the State's right to a jury

trial. 2 RR 8; CR 45. Also, contrary to Petitioner's assertion, the trial judge admonished him that the State's refusal to consent meant he was required to have a jury trial. 2 RR 21-23. In any event, Petitioner's constitutional rights were not violated by the denial of a bench trial. *See Singer v. United States*, 380 U.S. 24, 34 (1965)("there is no federally recognized right to a criminal trial before a judge sitting alone").

The state court's determination of this ground was neither contrary to, nor involved an unreasonable application of clearly established federal law. Accordingly, Petitioner's third claim should be denied.

Ex Post Facto Violation (Claim 4)

Lastly, Petitioner contends the State violated the *Ex Post Facto* Clause in enhancing his sentence, under Texas Penal Code § 12.46, on the basis of felony convictions that were previously used for enhancement purposes. (Doc. 3 at 8; Doc. 5 at 32-38). He also alleges the State improperly added a second enhancement paragraph at sentencing without notice. *Id.* at 33–35. During sentencing, the State presented two prior felony convictions for enhancement, a 1988 conviction for burglary of a habitation (alleged in the indictment), and a 1977 conviction for burglary of a vehicle (alleged in the "Notice of State's Intent to Enhance Punishment Range"). CR at 2, 23; 5 RR 133-35. Petitioner raised these claims in his state habeas application, which was denied without written order.

Petitioner's argument lacks merit. In 1979, the legislature enacted Texas Penal Code section 12.46, to provide that "[t]he use of a conviction for enhancement purposes shall not preclude the subsequent use of such conviction for enhancement purposes." TEX. PEN. CODE § 12.46 (West 2012). Prior to the enactment of this section, it was well settled that a prior

conviction could not be used more than once for enhancement purposes. *See Ex parte Bonham*, 707 S.W.2d 107, 108 (Tex. Crim. App. 1986). Even assuming the 1977 conviction was previously used for enhancement (which Petitioner has failed to establish), it was correctly applied here to enhance his sentence (for a 2009 offense) because the 1977 enactment of section 12.46 predated the 2009 offense.

> It is well settled that a conviction which occurred prior to the enactment of a statute providing for increased punishment upon a subsequent conviction may be used for enhancement purposes under that statute, and that such usage is not unconstitutional as being an ex post facto application of the statute.

*Barnes v. State*, 70 S.W.3d 294, 302 (Tex. App.—Fort Worth 2002, pet. ref'd) (1999 offenses were properly enhanced on basis of 1973 prior conviction because the 1977 enactment predated the 1999 offense) (quoting *Vasquez v. State*, 477 S.W.2d 629, 632 (Tex. Crim. App. 1972)). Moreover, Petitioner's reliance on *Ex parte Bonham*, 707 S.W.2d 107, 107 (Tex. Crim. App. 1986), is misplaced since both primary offenses and the enhancing offense occurred *before* the enactment of section 12.46 in that case. *Barnes*, 70 S.W.3d at 302.

Insofar as Petitioner alleges a violation of state law, his claim fares no better. *See Wilson v. Corcoran*, ___ U.S. ___, 131 S. Ct. 13, 16 (2010) (*per curiam*) (federal habeas corpus relief does not lie for errors of state law); *Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986) (federal habeas relief is available only for the vindication of rights existing under federal law).

Because the state court's determination of this ground was neither contrary to, nor involved an unreasonable application of clearly established federal law, this claim fails.

Evidentiary Hearing Request

Petitioner requests an evidentiary hearing. (Doc. 3 at 8). However, "review under §

2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster,* ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011); *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) ("The same rule necessarily applies to a federal court's review of purely factual determinations under § 2254(d)(2), as all nine Justices acknowledged" in *Pinholster*.) "Section 2254(e)(2) continues to have force [only] where § 2254(d)(1) does not bar federal habeas relief." *Pinholster*, 131 S. Ct. at 1401 ("At a minimum, . . . § 2254(e)(2) still restricts the discretion of federal habeas courts to consider new evidence when deciding claims that were not adjudicated on the merits in state court.").

Here, as in *Pinholster*, Petitioner's habeas petition concerns only claims under section 2254(d)(1) that were adjudicated on the merits in state court. As discussed above, Petitioner cannot overcome the limitation of section 2254(d)(1) on the record that was before the state court. Therefore, Petitioner is not entitled to a federal evidentiary hearing.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DENIED**.

SIGNED September 12, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE